IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTOR M. CORREA,

       Plaintiff,                    No. CIV S-10-0603 GGH P

    vs.

R.L. GOWER, et al.,

       Defendants.         <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected

1   and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

2   plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3          The court is required to screen complaints brought by prisoners seeking relief

4   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8   U.S.C. § 1915A(b)(1),(2).

9          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16         A complaint must contain more than a "formulaic recitation of the elements of a

17  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

18  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

19  "The pleading must contain something more...than...a statement of facts that merely creates a

20  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

21  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

22  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

23  v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct.

24  1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

25  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

26  Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff names the following as defendants at High Desert State Prison (HDSP): Chief Deputy Warden R. L. Gower; Associate Warden M. Wright; Correctional Counselor (CC) II Sandoval; CCI Townsend.  Complaint, pp. 1-2.  The gravamen of plaintiff's allegations is that plaintiff's Eighth Amendment rights are being violated because the defendants have failed to protect him by falsely documenting that he is a child molester, when he has never been convicted of such a charge.  Id., at 5.  Plaintiff further claims that defendants' alleged falsification of records and documents have violated his due process rights.  Id.

Plaintiff alleges that his "only offense is a 1982 sodomy" conviction, an offense which was committed in a county jail, and for which he must register under Cal. Penal Code § 290.  Complaint, p. 7.  Plaintiff includes as Exhibit A an unauthenticated copy of a 2009 classification chrono, which, under plaintiff's "sex offenses," in addition to a 1983 "sodomy in concert with force," lists "L&L [for lewd and lascivious] Acts W/Child; Age Specific x 2 and Oral Copulation W/Person Under 18."  Complaint, p. 19.   Further review of plaintiff's unauthenticated exhibits shows that plaintiff has filed administrative grievances regarding what he contends is a false accusation which places him in danger.  At Exhibit B in an informal level response evidently signed by defendant Townsend, plaintiff was informed that his records indicate that in 2006 he was in court for two counts of L&L Acts with a child and one count of oral copulation with a person under 18.  Id. at 21.   Defendant Townsend also acknowledges that these charges were dismissed but contends that it is CDCR's responsibility to record any sex offense for which plaintiff was arrested or detained.  Id.

\\\\\

At Exhibit C, a copy of a June 19, 2009, first level appeal response, evidently signed by defendant Wright and referencing an interview plaintiff had with defendant Sandoval, defendant Wright makes essentially the same point as stated above, specifically stating that the November 22, 2009, California Identification and Information (CC&I) System Report in plaintiff's central file reflects the 1983 sodomy conviction as well as plaintiff's later arrest for the sex offenses for which plaintiff was not convicted, stating in part: "The report further reflects that the charges were subsequently dismissed; however, they are a permanent record and will not be omitted from your records." Complaint, p. 27.

The second level appeal response at Exhibit D, dated July 20, 2009, apparently signed by defendant Gower, is more detailed and references CC&I information in plaintiff's central file dated June 23, 2009 (not the date cited in the first level response). Complaint, pp. 29-31. Defendant Gower references, in addition to the sodomy conviction, plaintiff's 2006 possession of a firearm offense for which plaintiff received a sentence of 25 years to life.[1] Id., at 30.

> A review of your central file, specifically the California Identification and Information (CI&I) dated 6/23/09 reflects you appeared before San Mateo Superior Court on 4/14/1983. On 4/22/1983 you were received by California Department of Corrections and Rehabilitation (CDCR) for the conviction of PC 286(D) Sodomy in concert with force, two counts, and PC 288A(b) Oral copulation with the use of a weapon. You paroled from CDCR on 3/26/1989 and you registered as PC 290 registant on 03/29/1989. Your CI&I also reflects on 02/05/06 you were arrested by Sacramento County Sheriff's Office and you appeared before Sacramento County Superior Court on 10/20/06 receiving twenty five years to life for Possession of a Firearm. Additionally, your CI&I reflects on 11/03/06 you appeared before Sacramento County Superior Court...for two counts PC 288(C)(1) Lewd and Lascivious acts with a child (age specific) and PC 288A(B)(1) Oral Copulation with a person under 18 years old.
>
> Upon further review of your central file, the Sacramento County Probation Officer Report dated 10/20/06...reflects a subsequent

---

[1] The classification chrono at Exh. A reflects a current sentence of 200 years to life for plaintiff. Complaint, p. 19.

4

> arrest by Sacramento Police Department ... on 3/21/2006 for PC
> 288a(B)(1) Oral Copulation with a person under age 16, and PC
> 288(C)(1) Lewd Act with a Child of 14 or 15 years.  The details of
> the incident are described and the disposition notes the charges
> were trailing the current matter, which was later dismissed.

Complaint, p. 30.

In denying plaintiff's appeal protesting that he is being wrongly classified as a

child molester, the second level appeal response concludes:

> Your request to remove the arrest for L&L acts with a child from
> your records is denied.  The information contained on your CI&I
> and Sacramento County Probation Officers Report is not within the
> jurisdiction of CDCR to add or delete items.  The contents of your
> central file are considered a permanent record and will not be
> omitted from your records.  Your request to have the CDCR 128G
> dated 3/25/09 corrected because it contains false information is
> denied.  Your allegation stating that you are being denied your
> right to appeal is without merit.  Inmate Correa, your allegation
> that these documented arrests contained in your central file
> involving children are lies is without merit.  You have failed to
> provide any compelling evidence to prove that the information
> contained in your central file, which was included with the review
> by UCC on 3/25/09, is false information.

Id., at 31.

Plaintiff does not include a third level appeal response for this decision, but he

affirmatively indicates that the grievance process is completed.  Complaint, p. 2.

As relief, plaintiff speaks of having suffered "severe emotional and psychological

distress," but does not ask for money damages.  Complaint, p. 5.  Instead, plaintiff states that he

would like to go trial and apparently seeks injunctive relief in the form of a transfer from HDSP.

Id.  He does not ask that any correction be made to his record.  Id.

"'[P]rison officials have a duty...to protect prisoners from violence at the hands of

other prisoners.'"  Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 1976 (1994).  "[A]

prison official violates the Eighth Amendment when two requirements are met.  First, the

deprivation alleged must be, objectively, 'sufficiently serious'....  For a claim (like the one here)

based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions

posing a substantial risk of serious harm." Id. at 834, 114 S.Ct. at 1977.  Second, "[t]o violate

the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable

state of mind' ... [T]hat state of mind is one of 'deliberate indifference' to inmate health or

safety." Id.  The prison official will be liable only if "the official knows of and disregards an

excessive risk to inmate health and safety; the official must both be aware of facts from which

the inference could be drawn that a substantial risk of serious harm exists, and he must also draw

the inference." Id. at 837, 114 S.Ct. at 1979.

       Plaintiff fails to show how recording his arrest record involving his having been

charged with sex offenses with children, even though those charges were ultimately dismissed,

on his classification chrono constitutes a failure to protect and rises to the level of an Eighth

Amendment violation.  Plaintiff makes no allegation that, as a result, he has suffered or been

subjected to any assault or attack or even a threat of attack.

       As to any alleged violation of due process, in general, prison officials'

classification decisions do not give rise to federal constitutional claims encompassed by the

protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments.  See

Board of Regents v. Roth, 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).  State

regulations give rise to a liberty interest protected by the Due Process Clause of the federal

constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical

and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin

v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[2]  Even if the information included

---

    [2] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington[ v. Harper], 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

1  in his classification chrono were erroneous, plaintiff, who in any event has an R-suffix

2  classification apparently arising from his sodomy conviction offense, even without reliance on

3  the child molestation charges at issue, does not demonstrate how he is subjected due to the

4  recording of the arrests on his chrono to an "atypical and significant hardship" beyond those that

5  generally characterize prison life.   Plaintiff's complaint will be dismissed, but he will be granted

6  leave to amend.

7       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

8  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

9  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

10 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

11 there is some affirmative link or connection between a defendant's actions and the claimed

12 deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

13 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

14 vague and conclusory allegations of official participation in civil rights violations are not

15 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

16      In addition, plaintiff is informed that the court cannot refer to a prior pleading in

17 order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

18 complaint be complete in itself without reference to any prior pleading.  This is because, as a

19 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

20 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

21 longer serves any function in the case.  Therefore, in an amended complaint, as in an original

22 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

23      Plaintiff has requested the appointment of counsel.  The United States Supreme

24 Court has ruled that district courts lack authority to require counsel to represent indigent

25 prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

26 certain exceptional circumstances, the court may request the voluntary assistance of counsel

1  pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991);

2  <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court

3  does not find the required exceptional circumstances.  Plaintiff's motion for the appointment of

4  counsel will therefore be denied.

5          In accordance with the above, IT IS HEREBY ORDERED that:

6          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

7          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

8  The fee shall be collected and paid in accordance with this court's order to the Director of the

9  California Department of Corrections and Rehabilitation filed concurrently herewith.

10          3.  The complaint is dismissed for the reasons discussed above, with leave to file

11  an amended complaint within twenty-eight days from the date of service of this order.  Failure to

12  file an amended complaint will result in a recommendation that the action be dismissed.

13          4.  Plaintiff's April 14, 2010 motion for the appointment of counsel (Docket No.

14  5) is denied.

15  DATED: June 2, 2010

16

17                              /s/ Gregory G. Hollows
                        _____
18                      UNITED STATES MAGISTRATE JUDGE

19  GGH:009
    corr0603.bnf
20

21

22

23

24

25

26