```
 1
 2
 3
 4
 5
 6
 7
 8                    IN THE UNITED STATES DISTRICT COURT
 9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10  VICTOR M. CORREA,
11         Plaintiff,                    No. CIV S-10-603 GGH P
12    vs.
13  R.L. GOWER, et al.,
14         Defendants.                   ORDER
15  _____/
```

16          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. §

17  1983. Plaintiff consented to the jurisdiction of the undersigned. See docket # 4, filed on March

18  26, 2010. As stated in the court's order, filed on December 20, 2010 (docket # 17), plaintiff's

19  original complaint was dismissed by order, filed on June 2, 2010 (docket # 6), with leave to

20  amend. Thereafter, plaintiff's amended complaint was dismissed by order, filed on August 23,

21  2010, with leave to file a second amended complaint within twenty-eight days.

22          As previously noted, plaintiff had failed to file a second amended complaint.

23  Instead, plaintiff had filed an appeal to the Ninth Circuit, on October 1, 2010 (docket # 13). That

24  appeal was "dismissed for lack of jurisdiction" on December 9, 2010 because the order appealed

25  from was "not final or appealable" (docket # 16). The court now notes that the Ninth Circuit

26  mandate has issued as of January 3, 2011 (docket # 18). As plaintiff was previously informed,

despite the purported interlocutory appeal, the district court retained jurisdiction because this circuit has long "recognized an exception to the general rule that a valid notice of appeal divests the district court of jurisdiction over all but tangential matters," when the appeal is patently frivolous. Marks v. Clarke, 102 F.3d 1012, 1018 n. 8 (9th Cir. 1996), citing Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. F.2d 104, 105 (9th Cir. 1992) ("frivolous or forfeited appeal does not automatically divest the district court of jurisdiction."). See also, U. S. v. Powell, 24 F.3d 28 (9th Cir. 1994); U.S. v. LaMere, 951 F.2d 1106, 1108 (9th Cir. 1991); U.S. v. Claiborne, 727 F.2d 842 (9th Cir. 1984). The court stated to plaintiff that as the appeal, based on an unappealable order, was without merit, plaintiff had not been relieved of his obligation to file a proposed second amended complaint timely. Noting that plaintiff had failed to do so and the time for doing so had long since expired, the undersigned nevertheless generously permitted plaintiff, in its order, filed on December 20, 2010, another twenty days to file a second amended complaint. Plaintiff was cautioned that there would be no [further] extensions.

Plaintiff, once again, has not filed a second amended complaint but instead has submitted an extremely abbreviated and incongruous filing stating that the court's prior order was "out of order" and that it had been directed to the United States Supreme Court "for appropriate sanctions for failure to prosecute." See docket # 19, filed on January 10, 2011. It is, of course, plaintiff who has failed to prosecute this action by repeatedly failing to comply with court orders to file a second amended complaint. That lack of compliance will now result in dismissal of this case with prejudice pursuant to Fed. R. Civ. P. 41(b) and L.R. 110.

Accordingly, IT IS ORDERED that this case is dismissed with prejudice for plaintiff's repeated failure to comply with court orders. See Fed. R. Civ. P. 41(b) and L.R. 110.

DATED: February 25, 2011                    /s/ Gregory G. Hollows

                                            GREGORY G. HOLLOWS
                                            UNITED STATES MAGISTRATE JUDGE

GGH:009
corr0603.ord3